IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BOLAND, *as Special Administrator of the Estate of ZACHARY BOLAND, deceased*,

        Plaintiff,

vs.

GATEWAY RT OWNER LLC, *et al,,*

        Defendants.

Case No. 16-cv-0179-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 26). Plaintiff originally filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois alleging wrongful death and survival claims under Illinois law (Doc. 1-1). Defendants Gateway RT Owner and DTZ Americas (collectively, "Defendants") removed the action alleging complete diversity of citizenship between the parties.[1] Specifically, Defendants asserted that DTZ Americas, an Illinois corporation, was improperly joined as a defendant and therefore its citizenship should be ignored for diversity purposes under the fraudulent joinder doctrine. Plaintiff was ordered to respond to the fraudulent joinder claims (Doc. 21) and did so by filing the Motion to Remand currently pending before the Court. Defendants responded in opposition (Doc. 27). Defendant Blue Giant Equipment Corporation joined in Defendants' response (Doc. 28). Both parties submitted documentary evidence in support of their positions.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, the defendant removed this case pursuant to 28 U.S.C. § 1332 whereby district courts have jurisdiction over a civil action where the amount in controversy exceeds $75,000 and

---

[1] Co-Defendants Nacco Materials Handling Group, Blue Giant Equipment and Roberts Loading Dock Equipment Company joined in the removal (Docs. 1-3, 1-4 & 1-5).

is between diverse parties. Out-of-state defendants seeking removal must clear a high hurdle to show that a plaintiff fraudulently joined a party. The Seventh Circuit has noted, "[t]he defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Where the defendant makes such a showing, the federal court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers*, 577 F.3d at 752, 763 (7th Cir. 2009)).

The basic test of fraudulent joinder is whether "a resident defendant [has] no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Only uncontroverted evidence showing unmistakably that a diversity-defeating defendant has absolutely no connection with the events giving rise to a case will establish fraudulent joinder. See *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir.1992) (in a products liability action, fraudulent joinder was established by a diversity-defeating defendant's uncontradicted affidavit stating that he had nothing to do with the machine at issue).

In limited circumstances, the Court may pierce the pleadings and consider summary judgment-type evidence in order to determine if a party is fraudulently joined. *Hill v. Olin Corp.*, 2007 WL 1431865, at *6 (S.D. Ill. May 14, 2007). "[P]iercing the pleadings is 'a strictly circumscribed inquiry limited to *uncontroverted* summary evidence which establishes unmistakably that a diversity-defeating defendant *cannot possibly* be liable to a plaintiff under applicable state law.'" *Id* (emphasis added) (citing *Rutherford v. Merck & Co.,* 428 F.Supp.2d 842, 848 (S.D. Ill. 2006)).

Here, the parties have submitted contradictory evidence as to whether "DTZ" and "DTZ Americas" are distinct entities that would survive successor or "alter ego" liability. While

Defendant asserts that it is "undisputed" that DTZ Americas had no connection to the property where the injury occurred (see Doc. 27, p. 6), Plaintiff submitted evidence to demonstrate that the merger of DTZ and Cassidy Turley (the named property manager) includes an integration that includes a CEO of Cassidy Turley, Joseph Stettinuis, Jr., being named "Chief Executive of the Americas."  Doc. 26-4.  A simple internet search reveals a webpage entitled "Meet New DTZ Americas Chief Exec Joe Stettinius."  Bisnow, https://www.bisnow.com/chicago/news/commercial-real-estate/meet-new-dtz-chief-exec-joe-stettinius-41669 (last visited May 30, 2016).  The distinction between the entities is blurred.

Based on the evidence currently before the Court, Defendants have not met their burden of showing unmistakably that DTZ Americas has absolutely no connection with the property managed by Cassidy Turley where the alleged injury occurred.  The Court is not persuaded that DTZ Americas cannot possibly be liable to Plaintiff under state law.  As such, the basic test for fraudulent joinder has not been met.

Accordingly, Plaintiff's motion is **GRANTED.**  The Court **REMANDS** this case back to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois and **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**

**DATE: June 13, 2016**

s/  *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**
